IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FANESHA JONES,

    Plaintiff,

v.                                        C.A. No.:         1:19-cv-1057

ALLURE STAFFING SOLUTIONS, LLC, and,
SENIOR LIVING PROPERTIES, LLC,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, FANESHA JONES (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, sues Defendants, ALLURE STAFFING SOLUTIONS, LLC, and SENIOR LIVING PROPERTIES, LLC (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against her employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, unpaid minimum wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331,

since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, ALLURE STAFFING SOLUTIONS, LLC, has offices or conducts business in Travis County, Texas..

## THE PARTIES

4.     Plaintiff, FANESHA JONES, is an individual residing in Travis County, Texas.

5.     Plaintiff, FANESHA JONES, was employed by Defendants from June 19, 2019, through July 2, 2019, to the present as a Certified Nurse Assistant whose duties were to provide medical and other care for the elderly and infirm, and paid at the hourly rate of $14.00.

6.     Defendant, SENIOR LIVING PROPERTIES, LLC, is a limited partnership existing under the laws of the State of Texas and maintains offices in Comal County, Texas.

7.     Defendant, SENIOR LIVING PROPERTIES, LLC, is a company that primarily operates a business that has 37 Skilled Nursing and Rehabilitation Centers across the state of Texas and Oklahoma, offering both private and semi-private accommodations.

8. Defendant, ALLURE STAFFING SOLUTIONS, LLC, is a Limited Liability Company having offices in Travis County, Texas.

9. Defendant, ALLURE STAFFING SOLUTIONS, LLC's primary business is a medical staffing agency, and at all times relevant to this matter acted directly or indirectly in the interest of Defendant, SENIOR LIVING PROPERTIES, LLC, in relationship to Plaintiff's employment; therefore, is a joint employer as defined by 29 U.S.C. § 203(d).

10. Defendant, ALLURE STAFFING SOLUTIONS, LLC, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

11. Defendant, SENIOR LIVING PROPERTIES, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff were employed.

12. At all times material to this complaint, Defendant, SENIOR LIVING PROPERTIES, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13. At all times material to this complaint, Defendant, SENIOR LIVING PROPERTIES, LLC, was an enterprise engaged in interstate commerce, operating a

business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14.     At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for her employment.

15.     Plaintiff was individually engaged in commerce and produced goods for commerce and her work was directly and vitally related to the functioning of Defendants' business activities.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

16.     Plaintiff re-alleges and incorporated herein paragraphs 1- 15, *supra*, as though fully set forth herein.

17.     Plaintiff 1) occupied a position as a Certified Nurse Assistant; 2) did not hold a position considered as exempt from the overtime provisions of the FLSA; and, 3) was paid on an hourly basis.

18.     Defendants' management required Plaintiff to work in excess of 40 hours in a workweek.

19.     Plaintiff worked June 19, 2019, through June 23, 2019, Plaintiff worked 24.58 overtime hours for which she was not compensated at one and one-half her regular rate of $14.00 per hour.

20. Plaintiff worked June 24, 2019, through June 30, 2019, Plaintiff worked 17.50 overtime hours for which she was not compensated at one and one-half her regular rate of $14.00 per hour.

21. Plaintiff is owed $883.68 in unpaid overtime wages.

22. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

23. The work schedules for the Plaintiff required her to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

24. Defendants' policy of not properly paying overtime is company-wide and was willful.

25. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

26. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

27. The acts described in the above paragraphs violate the Fair Labor

Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

28.    As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

29.    Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, FANESHA JONES, demands Judgment against Defendants, jointly and severally, for the following:

a.   Awarding Plaintiff her compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b.   Awarding Plaintiff her pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c.   Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d.   Awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FAIR LABOR STANDARDS ACT

30.    Plaintiff re-alleges and incorporated herein paragraphs 1- 15, *supra*, as

though fully set forth herein.

31. Plaintiff 1) occupied a position as a Certified Nurse Assistant; 2) did not hold a position considered as exempt from the minimum wage provisions of the FLSA; and, 3) was paid on an hourly basis.

32. From June 19, 2019, through June 23, 2019, Plaintiff worked 40 regular hours for which she was not compensated at the then-current minimum wage of $7.25 per hour.

33. From June 24, 2019, through June 30, 2019, Plaintiff worked 40 regular hours for which she was not compensated at the then-current minimum wage of $7.25 per hour.

34. From July 1, 2019, through July 23, 2019, Plaintiff worked 14.41 regular hours for which she was not compensated at the then-current minimum wage of $7.25 per hour.

35. Plaintiff is owed $684.47 in unpaid minimum wages.

36. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 6 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than the then-current minimum wage for all hours worked in a workweek.

37. Defendants' policy of not properly paying minimum wage is company-wide and was willful.

38. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

39. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff are entitled to an award of liquidated damages in an equal amount as the amount of unpaid minimum wages pursuant to 29 U.S.C. § 216(b).

40. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of minimum wage compensation for all hours worked in a workweek.

41. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of minimum wages which were not paid that should have been paid.

42. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, FANESHA JONES, demands Judgment against Defendants, jointly and severally, for the following:

e. Awarding Plaintiff her compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

 f. Awarding Plaintiff her pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

 g. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

 h. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT III
## BREACH OF CONTRACT

43. Plaintiff re-alleges and incorporates herein paragraphs 2-7, and 30, *supra,* as though fully set forth herein.

44. Plaintiff, FANESHA JONES, and Defendants, ALLURE STAFFING SOLUTIONS, LLC, and, SENIOR LIVING PROPERTIES, LLC, entered into an oral employment contract in or about June 19, 2019, wherein Plaintiff would work as a Certified Nurse Assistant for Defendants at the hourly rate of $14.00.

45. Pursuant to the terms of the Parties' employment contract, Plaintiff was to be paid at her regular hourly rate for all hours worked.

46. Defendants breached the Parties' agreement by not compensating Plaintiff for at the appropriate agreed upon rate.

47. Plaintiff worked 64.58 hours for which she was not compensated at all from June 19, 2019, through June 23, 2019.

48. Plaintiff worked 57.50 hours for which she was not compensated at all from June 24, 2019, through June 30, 2019.

49. Plaintiff worked 14.41 hours for which she was not compensated at for which she was not compensated at all from July 1, 2019, through July 23, 2019.

50. As a result of Defendant's breach of the Parties' contract, Plaintiff has been damaged.

51. Plaintiff is owed $1,812.86 in unpaid wages.

52. All conditions precedent to this contract have occurred, have been waived or have lapsed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant for the following:

a. Awarding Plaintiff her unpaid wages, compensatory damages, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment interest as provided by law,;

c. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, FANESHA JONES, demands a jury trial on all issues so triable.

Respectfully submitted this October 29, 2019.

> **ROSS • SCALISE LAW GROUP**
> 1104 San Antonio Street
> Austin, Texas 78701
> (512) 474-7677 Telephone
> (512) 474-5306 Facsimile
> Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**