# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **FANESHA JONES,** § | |
| *Plaintiff* § | |
| § | |
| **v.** § | |
| § | **Case No. 1:19-CV-1057-RP** |
| **ALLURE STAFFING SOLUTIONS,** § | |
| **LLC, AND SENIOR LIVING** § | |
| **PROPERTIES, LLC,** § | |
| *Defendants* § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE**

Before the Court is Plaintiff's Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law, filed January 21, 2020. Dkt. 12. On May 20, 2020, the District Court referred the motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.   Background

On October 29, 2019, Plaintiff Fanesha Jones filed this lawsuit against her employers, Allure Staffing Solutions, LLC ("Allure") and Senior Living Properties, LLC ("SLP") (collectively, "Defendants"), pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"). Dkt. 1. Plaintiff alleges breach of contract and violations of the overtime and minimum wage provisions of the FLSA.

In her Amended Complaint, Plaintiff alleges that she was employed by the Defendants "from June 19, 2019, through July 2, 2019, to the present as a Certified Nurse Assistant whose duties were to provide medical and other care for the elderly and infirm, and paid at the hourly rate of $14.00." Dkt. 22 ¶ 5. Plaintiff alleges that Defendants violated the FLSA by (1) failing to pay her at one and one-half her regular rate for 42.08 hours of overtime she performed, and (2) failing to pay her the then-current minimum wage of $7.25 per hour for 91.41 hours of work she performed from June 19, 2019 to July 2, 2019. Plaintiff also alleges that she was not paid at all for 136.49 hours of work she performed on the same days she was not paid the minimum wage, in violation of her employment contract. Plaintiff alleges that she is owed $294.56 in unpaid overtime wages, $662.72 in unpaid minimum wages, and $1,910.86 in other unpaid wages. Dkt. 12-2 ¶¶ 7, 11, 16.[1] Plaintiff seeks monetary damages, liquidated damages, attorney's fees, and costs.

Plaintiff served her Complaint on Allure on November 20, 2019. Dkt. 6. Defendant has made no appearance and failed to plead, respond, or otherwise defend. On December 17, 2019, the clerk granted Plaintiff's motion for an entry of default. Dkt. 9. Plaintiff now seeks entry of a default judgment against Defendant Allure for actual and liquidated damages of $3,162.70 and $2,777.50 in attorney's fees and costs.

## II.   Legal Standard

Under FED. R. CIV. P. 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of the court, the plaintiff may apply for a judgment based on such default. *Id*. A party is not entitled to a default judgment as a

---

[1] The Court relies on the figures in the Declaration of Fanesha Jones, submitted in support of Plaintiff's Motion for Default Final Judgment. The amounts in the Declaration are different from those identified in the Amended Complaint and, in some instances, Plaintiff's Motion.

matter of right, however, even where the defendant technically is in default. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Entry of default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Courts have developed a three-part test to determine whether to enter a default judgment. First, the court considers whether entry of default judgment is procedurally warranted. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *accord Wieck v. Synrg. Royce LLC*, No. A-17-CV-599-LY, 2019 WL 697291, at *2 (W.D. Tex. Feb. 20, 2019), *report and recommendation adopted*, 2019 WL 3818043 (W.D. Tex. May 17, 2019). Second, the court assesses the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for judgment. *Id.* Last, the court determines what relief, if any, the plaintiff should receive. *Id.*

### III.     Analysis

**A.  A Default Judgment Is Procedurally Warranted**

In determining whether a default judgment is procedurally warranted, courts in the Fifth Circuit consider the following factors:

> (1) whether material issues of fact are at issue;
> (2) whether there has been substantial prejudice;
> (3) whether the grounds for default are clearly established;
> (4) whether the default was caused by a good faith mistake or excusable neglect;
> (5) the harshness of a default judgment; and
> (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

Applying these factors, the Court finds that default judgment is procedurally warranted. First, because Allure has not filed an answer or any responsive pleadings, there are no material facts in dispute. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)

("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, Allure's failure to file responsive pleadings "threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011) (citing *Lindsey*, 161 F.3d at 893). Third, the grounds for default are "clearly established." As previously stated, the clerk has entered default against Allure. Dkt. 9. Fourth, because Allure has failed to appear, the Court can find no good-faith mistake or excusable neglect on its part. Fifth, Plaintiff seeks only the relief to which she is entitled under the law, thus mitigating the harshness of a default judgment. Finally, the Court is not aware of any facts giving rise to good cause to set aside default judgment in this case if challenged by Allure. Accordingly, the Court concludes that default judgment is procedurally warranted.

### B. There Is a Sufficient Basis for Judgment in the Pleadings

Next, the Court next must determine whether there is a sufficient basis in the pleadings for the judgment requested. *Nishimatsu*, 515 F.2d at 1206 (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). Based on a failure to respond, courts are to assume a defendant admits all well-pleaded facts in a complaint. *Id*. A "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id*. As noted, Plaintiff's Amended Complaint alleges violations of the overtime provisions and minimum wage provisions of the FLSA, and breach of contract under Texas law.

#### 1. FLSA Claims

The FLSA mandates that an employer must pay its employee a rate not less than one and one-half times the regular rate at which she is employed if she is engaged in a workweek longer than forty hours. 29 U.S.C. § 207 (a)(1). In addition, the FLSA guarantees certain minimum wages for employees "engaged in commerce or in the production of goods for commerce" or "employed in

an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a).

Plaintiff alleges violations of both the minimum wage and overtime provisions of the FLSA. To state a claim under for unpaid minimum wage and overtime compensation under the FLSA, a plaintiff must allege that: (1) an employer-employee relationship existed with the defendant during the unpaid periods claimed; (2) the plaintiff engaged in activities within the coverage of the FLSA; and (3) the plaintiff was not exempt from the minimum-wage or overtime provisions of the FLSA. *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014); *Calixtro-Calixtro v. Estate of Hodges*, No. 1:17-CV-394-LY, 2018 WL 5839690, at *3 (W.D. Tex. Nov. 7, 2018).

Plaintiff's allegations clearly meet the first and third elements. Plaintiff alleges that she was employed by Allure, her position was not exempt from the overtime provisions of the FLSA, she was paid on an hourly basis, she worked in excess of 40 hours in a workweek, she was not compensated at one and one-half her regular rate of $14.00 per hour, she was not compensated at the then-current minimum wage, and she is owed $294.56 in unpaid overtime wages, and $662.72 in unpaid minimum wages. Dkt. 12-2 at 2.

To establish the second element, a plaintiff must show that she (1) personally engaged in commerce or the production of goods for commerce (individual coverage), or (2) was employed by an enterprise engaged in such activity (enterprise coverage). *See Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (quoting 29 U.S.C. § 207(a)(1)). "Either individual or enterprise coverage is enough to invoke FLSA protection." *Id.* (emphasis omitted). Plaintiff alleges that Allure is subject to the FLSA as an enterprise engaged in commerce. The FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" as an "enterprise" that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);
>
> (B) is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit); or
>
> (C) is an activity of a public agency.

29 U.S.C. § 203(s)(1). To establish that two entities functioned as a single enterprise, the plaintiff must demonstrate that the entities (1) engaged in related activities; (2) were a unified operation or under common control; and (3) shared a common business purpose. *Reich v. Bay, Inc.*, 23 F.3d 110, 114 (5th Cir. 1994).

In her Amended Complaint, Plaintiff alleges that Allure is a medical staffing agency that acted in the interest of SLP, in relationship to Plaintiff's employment, and that SLP and Allure were a joint employer of Plaintiff as defined by 29 U.S.C. § 203(d). Dkt. 22 ¶ 9. Plaintiff also alleges that Allure possessed the power to hire and fire the employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment, and maintained employment records. *Id.* ¶ 10. Plaintiff further contends that SLP has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed, that it employed two or more employees, and that it had an annual dollar volume of sales or business of at least $500,000. *Id.* ¶¶ 11-12. Plaintiff further alleges that SLP was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce, as defined by §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s). *Id.* ¶ 13. Plaintiff

further alleges that Defendants were the employers of Plaintiff and, as a matter of economic reality, Plaintiff was dependent on Defendants for her employment. *Id.* ¶ 14. Finally, Plaintiff alleges that she was individually engaged in commerce and produced goods for commerce, and her work was directly and vitally related to the functioning of Defendants' business activities. *Id.* ¶ 15. Based on the foregoing, Plaintiff has alleged sufficient facts to show that Allure is liable under the FLSA.

### 2. Breach of Contract

Under Texas law, a plaintiff asserting a breach of contract claim must prove (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach. *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 502 n.21 (Tex. 2018). In support of her breach of contract claim, Plaintiff alleges that she and Allure entered into an oral employment contract on June 19, 2019, wherein they agreed that Plaintiff would work as a Certified Nurse Assistant for Allure at the hourly rate of $14.00. Plaintiff alleges that Allure breached the contract by not compensating her at the agreed rate and by failing to pay her for work she performed. Plaintiff alleges that she suffered damages of $1,910.86 in unpaid wages. Accordingly, Plaintiff has stated sufficient facts to show that Allure is liable for breach of contract. *Id.*

As stated, Allure has not appeared or responded to any pleadings, and thus has not contested any facts submitted by Plaintiff. Taking her allegations as true, Plaintiff has pleaded sufficient facts to demonstrate that Allure is liable for breach of contract. Accordingly, there is a sufficient basis in the pleadings for the judgment requested by Plaintiff.

### C. Proper Relief

Having found that the motion for default judgment should be granted, the Court must determine the appropriate relief. When a party seeks default judgment, damages ordinarily may not be

awarded "without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, where the amount of damages can be "determined with certainty by reference to the pleadings and supporting documents," and where a hearing would reveal no pertinent information, "the court need not jump through the hoop of an evidentiary hearing." *James v. Frame*, 6 F.3d 307, 310-11 (5th Cir. 1993). A district court has "wide latitude" in deciding whether to require an evidentiary hearing when granting default judgment. *Id.* at 310. Here, Plaintiff does not request a hearing and has attached declarations to her motion from which this Court may calculate damages. An evidentiary hearing to determine damages therefore is unnecessary. *See Fauzi v. Royal Hosp. Servs., LLC*, 2016 WL 3167080, at *2 (S.D. Miss. June 6, 2016) (explaining that hearing on damages was not required because affidavits filed with the court adequately demonstrated movant's entitlement to damages).

    **1. Actual Damages**

The FLSA mandates that an employer must pay its employee a rate not less than one and one-half times the regular rate at which she is employed if she is engaged in a workweek longer than forty hours. 29 U.S.C. § 207 (a)(1). In addition, FLSA guarantees certain minimum wages for employees. 29 U.S.C. § 206(a). Plaintiff asserts in her Declaration that, under the FLSA, Defendants owe her $662.72 in unpaid minimum wages (calculated by multiplying 91.41 hours x the $7.25 minimum wage), and $294.56 in unpaid overtime wages (calculated by multiplying 42.08 overtime hours x her $7.00 half-time rate). Dkt. 12-2 at 2. In addition, Plaintiff asserts that Defendants owe her $1,910.86 for unpaid wages for her breach of contract claim (calculated by multiplying 136.49 hours x her $14.00 hourly rate). *Id.* Based on this undisputed evidence, the Court finds that Plaintiff has sustained her burden and is entitled to $1,542.70 in actual damages.[2]

---

[2] That is, $1,910.86 for breach of contract damages minus $662.72 for minimum wages under the FLSA plus $294.56 for overtime wages under the FLSA. *See* Dkt. 12 at 14 n.2.

### 2. Liquidated Damages

Plaintiff also seeks an award of liquidated damages in an amount equal to unpaid overtime pay and unpaid minimum wages, pursuant to § 216(b) of the FLSA: "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." An award of liquidated damages to a prevailing plaintiff in a FLSA action is mandatory, unless "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." *Id.* at § 260. The Fifth Circuit has cautioned that, "[u]nder the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith." *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999).

Here, Allure, by virtue of having failed to participate in this case, has failed to meet this burden. In addition, Allure, by its default, admits Plaintiff's well-pleaded allegations of fact, including that its violations were willful. Therefore, in addition to Plaintiff's actual damages, she should be awarded $957.28 in liquidated damages, equal to the amount owed for unpaid overtime and minimum wages.

### 3. Attorney's Fees and Costs

An award of attorney's fees to a prevailing plaintiff in an FLSA case is mandatory. 29 U.S.C. § 216(b) ("The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) ("Under the FLSA, an employer who violates

the statute is also required to pay attorney's fees.").[3] Courts use the "lodestar method" to calculate an appropriate attorney's fee award under the FLSA. The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. "There is a strong presumption of the reasonableness of the lodestar amount." *Id.* However, after calculating the lodestar amount, a court may enhance or decrease the amount of attorney's fees, based on the twelve factors set forth in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[4] The party seeking fees has the burden to show the reasonableness of the hours billed and the exercise of reasonable billing judgment. *Black*, 732 F.3d at 502.

Plaintiff requests $2,612.50 in attorney's fees, which represents 4.5 hours of work performed by her attorney, Charles Scalise, and 6.5 hours of work performed by Scalise's paralegal, at rates of $400.00 and $125.00 per hour respectively. Dkt. 12-3. In support, counsel has submitted a declaration detailing his and his paralegal's qualifications and attesting to the reasonableness of the rates charged in the market. Counsel also includes a copy of his firm's time records, which detail the time expended in prosecuting this case and the nature of the work performed.

After carefully reviewing the time records and declaration, the Court finds that the hours expended on the case, and the hourly rates charged, are reasonable. *See Meesook v. Grey Canyon*

---

[3] Paralegal fees also may be recovered if the work is "traditionally done by an attorney." *See Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982).

[4] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

*Family Med., P.A.*, No. 5:13-CV-729-XR, 2014 WL 5040133, at *4 (W.D. Tex. Oct. 8, 2014) (finding $400 per hour a reasonable and customary rate for a FLSA case); *Saldivar v. Austin Indep. Sch. Dist.*, No. A-14-CA-00117-SS, 2016 WL 1064654, at *4 (W.D. Tex. Mar. 15, 2016), *aff'd*, 675 F. App'x 429 (5th Cir. 2017) (finding a paralegal hourly rate of $125 to be reasonable). Accordingly, Plaintiff is entitled to an award of $2,612.50 in attorney's fees.

### 4. Costs

Plaintiff also requests reimbursement for $565 in court costs. As stated in Scalise's Declaration, Plaintiff has incurred $400 in filing fees and $165 in service of process fees in connection with this action. Plaintiff is entitled to recover $565 in costs from Allure pursuant to 20 U.S.C. § 1920(a).

In sum, the undersigned recommends an award of (1) $1,542.70 in actual monetary damages, (2) $957.28 in liquidated damages, (3) $2,612.50 in attorney's fees, and (4) $565 in costs.

## IV.   Recommendation

The undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion for Entry of Default Final Judgment (Dkt. 12) and **ENTER JUDGMENT** in favor of Plaintiff Fanesha Jones against Defendant Allure Staffing Solutions, LLC. The undersigned **FURTHER RECOMMENDS** that the District Court award Plaintiff $1,542.70 in actual monetary damages, $957.28 in liquidated damages, $2,612.50 in attorney's fees, and $565 in costs.

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the Honorable Robert Pitman.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v.*

11

*United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 27, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE