# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **FANESHA JONES,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 1:19-CV-1057-RP** |
| | § | |
| **ALLURE STAFFING SOLUTIONS,** | § | |
| **LLC AND SLP OPERATIONS, LLC,** | § | |
| *Defendants* | § | |

## AMENDED INTERIM REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

### TO: THE HONORABLE ROBERT PITMAN
### UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law, filed January 21, 2020. Dkt. 12. On May 20, 2020, the District Court referred the motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.    Background

On October 29, 2019, Plaintiff Fanesha Jones filed this lawsuit against her employers, Allure Staffing Solutions, LLC ("Allure"), Senior Living Properties, LLC,[1] and SLP Operations, LLC ("SLP"), pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"). Dkt. 1. Plaintiff alleges breach of contract and violations of the overtime and minimum wage provisions of the FLSA.

---

[1] Plaintiff subsequently dropped Senior Living Properties, LLC as a defendant because it was not Plaintiff's employer. *See* Dkts. 21, 22.

In her Amended Complaint, Plaintiff alleges that she was employed by the Defendants "from June 19, 2019, through July 2, 2019, to the present as a Certified Nurse Assistant whose duties were to provide medical and other care for the elderly and infirm, and paid at the hourly rate of $14.00." Dkt. 22 ¶ 5. Plaintiff alleges that Defendants violated the FLSA by (1) failing to pay her at one and one-half her regular rate for 42.08 hours of overtime she performed, and (2) failing to pay her the then-current minimum wage of $7.25 per hour for 91.41 hours of work she performed from June 19, 2019 to July 2, 2019. Plaintiff also alleges that she was not paid at all for 136.49 hours of work she performed on the same days she was not paid the minimum wage, in violation of her employment contract. Plaintiff alleges that she is owed $294.56 in unpaid overtime wages, $662.72 in unpaid minimum wages, and $1,910.86 in other unpaid wages. Dkt. 12-2 ¶¶ 7, 11, 16. Plaintiff seeks monetary damages, liquidated damages, attorney's fees, and costs.

Plaintiff served her Complaint on Defendant Allure on November 20, 2019. Dkt. 6. Allure has made no appearance and has failed to plead, respond, or otherwise defend. On December 17, 2019, the clerk granted Plaintiff's motion for an entry of default. Dkt. 9. Plaintiff now seeks entry of a default judgment against Allure for actual and liquidated damages of $3,162.70 and $2,777.50 in attorney's fees and costs.

## II.    Legal Standard

Under FED. R. CIV. P. 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of the court, the plaintiff may apply for a judgment based on such default. *Id*. A party is not entitled to a default judgment as a matter of right, however, even where the defendant technically is in default. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Entry of default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Courts have developed a three-part test to determine whether to enter a default judgment. First, the court considers whether entry of default judgment is procedurally warranted. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). Second, the court assesses the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for judgment. *Id.* Last, the court determines what relief, if any, the plaintiff should receive. *Id.*

### III.    Analysis

Although Plaintiff appears to be entitled to a default judgment,[2] the Court finds that it would be premature to enter a default judgment against Allure at this time because the other defendant remaining in this case, SLP, has filed an answer. *See* Dkt. 23. "As a general rule then, when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2690 (4th ed. 2019 update). This general rule stems from *Frow v. De La Vega*, 82 U.S. 552, 554 (1872), in which the Supreme Court reasoned:

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

Based on *Frow*, numerous courts have held that where a plaintiff alleges joint liability against multiple defendants, the court should withhold entry of a final default judgment so as to avoid the risk of inconsistent adjudications. *See, e.g.*, *Hamilton v. EnerSafe, Inc.*, No. SA-15-CA-00965-DAE, 2018 WL 7018025, at *3 (W.D. Tex. Sept. 18, 2018), *report and recommendation adopted*,

---

[2] *See* Dkt. 24.

No. 5:15-CV-1003-DAE, 2018 WL 7822064 (W.D. Tex. Dec. 19, 2018); *Wieck v. Synrg. Royce LLC*, No. A-17-CV-599 LY, 2018 WL 620048, at *1 (W.D. Tex. Jan. 30, 2018), *report and recommendation adopted*, No. A-17-CV-599-LY, 2018 WL 4732083 (W.D. Tex. Aug. 17, 2018); *Levitation Arts, Inc. v. Fascinations Toys & Gifts, Inc.*, No. A-07-CA-990-SS, 2009 WL 10669490, at *3-5 (W.D. Tex. May 28, 2009). "If the court did otherwise, it might enter judgment for the plaintiff against the defaulting defendant, only to later enter judgment against the plaintiff on the same claim against the other defendant." *Wieck*, 2018 WL 620048, at *1.

Because SLP has filed an answer, and because Plaintiff seeks to hold the defendants jointly and severally liable, it would be inappropriate to enter a default judgment against Allure at this time.

### IV.    Recommendation

For the reasons set forth above, the undersigned **RECOMMENDS** that the District Court **DENY WITHOUT PREJUDICE** Plaintiff's Motion for Entry of Default Final Judgment against Defendant Staffing Solutions, LLC (Dkt. 12).

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the Honorable Robert Pitman.

### V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and,

except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on August 24, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE